**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Peter A. McMillan, | No. CV-21-00911-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Merrick Garland, et al., | |
| Defendants. | |

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 18) filed by Defendants Merrick Garland and the United States Drug Enforcement Administration ("Defendants"). The Motion has been fully briefed and is ready for review.[1] (Docs. 18, 25, 27). For the reasons that follow, the Motion will be granted.

**I.   BACKGROUND**

On April 11, 2020, Plaintiff retired—or, in Plaintiff's words, was "constructively discharged"—from the United States Drug Enforcement Administration ("DEA"). (Doc. 1 at 4). Plaintiff asserts that DEA refused to issue retirement credentials to Plaintiff, despite Plaintiff's asserted qualifications for such credentials and repeated requests for them in the months after his retirement. (*Id.*).

On May 24, 2021, Plaintiff filed a Complaint against Defendants DEA and United

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

States Attorney General Merrick Garland, in his official capacity on behalf of the Department of Justice. (*Id.* at 2). In his Complaint, Plaintiff alleges that Defendants violated the Law Enforcement Officers Safety Act ("LEOSA") of 2004, 18 U.S.C. § 926C, when DEA "unlawfully deni[ed] Plaintiff—a qualified retired law enforcement officer— retirement credentials and the carrying of a concealed firearm." (*Id.* at 4). Plaintiff asserts that DEA used a "bogus" Office of Professional Responsibility ("OPR") investigation and a "fraudulent claim of law enforcement privilege" to deny the retirement credentials. (*Id.*). Plaintiff seeks an order from this Court compelling DEA to issue "official retirement credentials which enable Plaintiff to carry a concealed firearm in accordance with the LEOSA of 2004." (*Id.* at 5).

As to the basis for federal court jurisdiction, Plaintiff asserts that this is a federal question case under 28 U.S.C. § 1331. (*Id.* at 3, 7). Plaintiff also cites 42 U.S.C. § 1983 and the Privacy Act of 1974, 5 U.S.C. § 552a, as grounds for subject-matter jurisdiction. (*Id.*). Because Plaintiff alleges that Defendants violated LEOSA, 18 U.S.C. § 926C—a federal statute—this Court will also consider any basis for subject-matter jurisdiction which may be grounded in that statute. In the present Motion, Defendant challenges the subject-matter jurisdiction of Plaintiff's claim, asserting that Plaintiff's Complaint "fails to establish a waiver of sovereign immunity" for the claim asserted. (Doc. 18 at 1).

## II.   LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Federal Rule of Civil Procedure ("Rule") 12(b)(1) "allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Kinlichee v. United States*, 929 F. Supp. 2d 951, 954 (D. Ariz. 2013) (internal quotation marks omitted). "A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "When the motion to dismiss attacks the allegations of

the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Renteria*, 452 F. Supp. 2d at 919. "When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact." *Id*. "A plaintiff has the burden of proving that jurisdiction does in fact exist." *Id*.

### B. Establishing Subject-Matter Jurisdiction Against United States

The doctrine of sovereign immunity shields the Federal Government—including its agencies and federal officers sued in their official capacity—from suit. *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009) (citations omitted). Unless sovereign immunity is waived and the Federal Government consents to be sued, a court lacks subject matter jurisdiction over any claims brought against the Federal Government. *Id.* (citations omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied" by the court; waivers are to be strictly construed in favor of the sovereign. *Id.* (citation omitted) (internal quotations omitted).

Merely establishing a waiver of sovereign immunity is not enough, however, to confer subject-matter jurisdiction to a federal court in an action against a sovereign. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). A Plaintiff must also show statutory authority vesting a district court with subject-matter jurisdiction. *Id.* (citing *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991)). Thus, to establish subject-matter jurisdiction, Plaintiff must show both an express, statutory waiver of sovereign immunity by the United States *and* statutory authority vesting this Court with subject-matter jurisdiction.

///

///

///

## III. DISCUSSION

Plaintiff asserts four potential grounds for subject-matter jurisdiction: (i) 28 U.S.C. § 1331; (ii) 42 U.S.C. § 1983; (iii) the Privacy Act of 1974, 5 U.S.C. § 552a; and (iv) LEOSA, 18 U.S.C. § 926C. The Court will address each possible jurisdictional basis in turn, looking for the above-mentioned requirements—a waiver of sovereign immunity and statutory authority vesting the district courts with subject-matter jurisdiction.

### A. Federal Question Jurisdiction, 28 U.S.C. § 1331

"The federal question statute, 28 U.S.C. § 1331, gives federal district courts jurisdiction over civil actions that arise under the Constitution, laws, and treaties of the United States." *Castaneda v. United States*, No. CV-18-02809-PHX-ESW, 2019 WL 2076036, at *2 (D. Ariz. May 10, 2019). However, § 1331 "neither waives the federal government's sovereign immunity to suit nor indicates the appropriate forum for adjudication of the controversy." *Kester v. Campbell*, 652 F.2d 13, 15 (9th Cir. 1981); *see also Castaneda*, 2019 WL 2076036, at *2 ("The Ninth Circuit has consistently held that § 1331 does not waive the government's sovereign immunity from suit."). Thus, Plaintiff cannot establish subject-matter jurisdiction under § 1331 because the statute does not waive the Federal Government's sovereign immunity.

### B. Jurisdiction Under 42 U.S.C. § 1983

Plaintiff asserts that this Court has jurisdiction "to hear and decide this case pursuant to . . . 42 USC § 1983." (Doc. 1 at 7). "Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (citing 42 U.S.C. § 1983). In some circumstances, this could encompass a suit against a federal official, but only if that federal official was conspiring or acting jointly with state actors to deprive a plaintiff of his or her constitutional rights. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir. 2001). Section 1983 does not, however, "provide a cause of action against federal officers acting under the color of federal law." *Morgan v. United States*, 60 Fed.Appx. 180, 181 (9th Cir. 2003) (citing *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995)). Instead, the

Federal Government—including its agencies and officials acting in their official capacity—is protected from suit under § 1983 by the doctrine of sovereign immunity. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) (rejecting argument that § 1983 waived federal agency's sovereign immunity because Ninth Circuit found "no evidence in [the statute] that Congress intended to subject federal agencies to § 1983 . . . liability").

Here, Plaintiff does not claim that DEA or Attorney General Garland were acting in concert with any state officials. Nor does Plaintiff argue that either were otherwise acting under the color of state law. Thus, even though Plaintiff asserts a violation of a federal right—*i.e.*, his right, as a "qualified law enforcement officer," to carry a concealed weapon under LEOSA—Defendants here cannot be subjected to a § 1983 suit because they are shielded by sovereign immunity. Section 1983 cannot serve as a jurisdictional basis for Plaintiff's claim because it does not waive Defendants' sovereign immunity.[2]

### C. Jurisdiction Under LEOSA, 18 U.S.C. § 926C

Plaintiff alleges that Defendants violated LEOSA, 18 U.S.C. § 926C, a federal statute that establishes the right of qualified law enforcement officers, both active and retired, to carry a concealed weapon if they meet certain conditions. Plaintiff argues that because LEOSA is federal law, this Court has authority "to hear and decide this case pursuant to 28 USC § 1331 – Federal Question." (Doc. 25 at 4). However, as discussed

---

[2] The Court acknowledges, and rejects, Plaintiff's reliance on *DuBerry v. District of Columbia*, 824 F.3d 1046 (D.C. Cir. 2016). While the Federal Government is *excluded* from the scope of § 1983, Congress explicitly *included* the District of Columbia in the statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or *the District of Columbia*, subjects, . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . shall be liable.

42 U.S.C. § 1983 (emphasis added). While it is true that *DuBerry* is analogous insofar as the plaintiffs in that case asserted that they were deprived of a federal right under LEOSA, the key difference—for purposes of sovereign immunity and federal jurisdiction—is that the *DuBerry* defendants were *District of Columbia* officials (and are within the scope of § 1983), whereas Defendants here are federal government officials.

above, Plaintiff does not establish subject-matter jurisdiction by merely having a claim based on federal law; instead—because Plaintiff is suing the Federal Government and one of its officers in his official capacity—Plaintiff must also point to an express, statutory waiver of sovereign immunity by the Federal Government. *See supra* pt. III, sec. A. Because § 1331 contains no such waiver, Plaintiff's jurisdictional argument is sufficient only to the extent that LEOSA itself contains a waiver of sovereign immunity. Plaintiff has failed to show any legal authority indicating that LEOSA contains or has been interpreted to contain an express waiver of sovereign immunity. Moreover, after reviewing the statutory language, this Court itself does not find any waiver contained in the statute. In fact, courts have found that LEOSA does not even provide a private right of action, let alone a waiver permitting suit against the Federal Government. *See Friedman v. Las Vegas Metro. Police Dep't*, No. 2:14-cv-0821-GMN-GWF, 2014 WL 5472604, at *4 (D. Nev. Oct. 24, 2014) (listing cases). Because LEOSA does not waive the Federal Government's sovereign immunity, Plaintiff cannot establish subject-matter jurisdiction under the statute.

### D. Jurisdiction Under Privacy Act of 1974, 5 U.S.C. § 552a

On page three of the Complaint, Plaintiff specifically lists "Privacy Act of 1974, 5 USC § 552a" as a basis for federal question jurisdiction. (Doc. 1 at 3). In their Motion, Defendants assert that Plaintiff cannot rely on the Privacy Act for jurisdiction because Plaintiff does not plead a cognizable claim under the Act. (Doc. 18 at 5–6). However, in the Response, Plaintiff explicitly denies having cited to the Privacy Act for subject-matter jurisdiction; instead, Plaintiff asserts that "Defendant is attempting to manufacture an issue not in controversy . . . in order to deliberately mislead the court." (Doc. 25 at 1, 6). The Court rejects Plaintiff's assertion that Defendants are attempting to "mislead" the Court—after all, Plaintiff explicitly refers to the Privacy Act as a federal statute "at issue" in this case. (Doc. 1 at 3). Nonetheless, the Court will accept Plaintiff's concession that the Privacy Act is not at issue in this case and is therefore not a basis for jurisdiction.

///

///

## IV. CONCLUSION

Plaintiff has failed to meet his burden of proving that this Court has subject-matter jurisdiction over his LEOSA claim. Therefore, the Court must dismiss the case in its entirety. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). However, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). In this case, amendment of Plaintiff's claims against the Federal Defendants would be futile because the Court's lack of subject matter jurisdiction is incurable. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Doc. 18) is **granted**. Plaintiff's claim against Defendants Merrick Garland and the Drug Enforcement Administration are **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action.

Dated this 5th day of January, 2022.

Honorable Steven P. Logan
United States District Judge